The Honorable Timothy W. Dore
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In Re: ) Chapter 7
) No. 21-11886
MARGARET IENG )
) TRUSTEE'S SECOND
) OBJECTION TO CLAIMS
) OF EXEMPTION
)
Debtor. )
_____)

COMES NOW the Chapter 7 trustee, Ronald G. Brown, and objects to all of the debtor's exemptions listed on amended Schedule C, filed June 16, 2022, as follows:

1. The debtor filed October 12, 2021.

2. The debtor's amended Schedule C, filed March 29, 2023, asserts exemptions claims pursuant to 11 U.S.C. 522(d)(3) which exceeds the exemption claim limit in the sum of $14,025, 11 U.S.C. 522(d)(4) which exceeds the exemption claim limit in the sum of $1,700, and 11 U.S.C. 522(d)(5) which exceeds the exemption claim limit in the sum of $13,900. The debtor is unable to claim exemption claims based upon changes in exemption claim sums which were effective April 1, 2022, after the date of filing.

3. The debtor's same amended Schedule C, for the first time since the case was filed, now asserts exemption claims in personal injury claims after the court, pursuant to an order entered on March 21, 2023, has authorized the bankruptcy estate's settlement of two claims, payment of special counsel fees and costs, and payment of subrogation claims. The debtor asserts exemption claims in the personal injury claims pursuant to 11 U.S.C.522(d)(11)(D) in "net value" of the claims. The trustee objects to the exemption claims since the exemptions pursuant to 11 U.S.C.522(d)(11)(D)

TRUSTEE'S SECOND OBJECTION
TO CLAIMS OF EXEMPTION - 1

RONALD G. BROWN
ATTORNEY AT LAW
P.O. BOX 2369
KIRKLAND, WASHINGTON 98083
(425) 522-3649 TELEPHONE
(425) 961-1749 FACSIMILE

do not include pain and suffering or compensation for actual pecuniary loss. To the extent that the exemption claims seek to include pain and suffering or compensation for actual pecuniary loss and the actual net settlement claim funds after payment of special counsel fees and costs, and payment of subrogation claims, the Trustee objects to the exemption claims.

4. To the extent that the debtor is attempting to claim any other exemption in any asset in excess of the value permitted by federal law, the trustee objects to the assertion of such an exemption.

5. To the extent that the debtor is attempting to claim an exemption for property for which no exemption is permitted under federal law, the trustee objects to the assertion of such an exemption.

6. To the extent that the debtor did not describe an asset or other item of property for which an exemption is claimed with particularity, or the debtor has not provided documentation of the valuation of an asset or documentation of an asset to the trustee, the trustee objects to the assertion of such an exemption. The debtor has provided no documentation of previously unscheduled collectibles, jewelry, and other items listed on amended Schedule B filed June 16, 2022.

7. To the extent that the actual value of an asset exceeds the valuation of the asset by the debtor, the trustee objects to the claim of any exemption of any proceeds realized by the bankruptcy estate in excess of the amount claimed and allowable under the applicable exemption statute.

The trustee reserves the right to assert any other basis for his objection or otherwise amend this objection as he may determine to be appropriate at a later date.

DATED this 4th day of April, 2023.

/s/ *Ronald G. Brown*
Ronald G. Brown, Trustee, WSBA #8816

TRUSTEE'S SECOND OBJECTION
TO CLAIMS OF EXEMPTION - 2

RONALD G. BROWN
ATTORNEY AT LAW
P.O. BOX 2369
KIRKLAND, WASHINGTON 98083
(425) 522-3649 TELEPHONE
(425) 962-1717 FACSIMILE

Case 21-11886-TWD    Doc 86    Filed 04/04/23    Ent. 04/04/23 12:25:15    Pg. 2 of 2