The Honorable Timothy W. Dore
Chapter 7
Hearing Location: Courtroom 8106, Seattle
Hearing Date: May 17, 2024
Hearing Time: 9:30 a.m.
Response Date: May 10, 2024

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re:<br><br>MARGARET IENG<br><br>      Debtor. | Chapter 7<br>No. 21-11886<br><br>TRUSTEE'S MOTION FOR ORDER<br>DENYING EXEMPTION CLAIMS |

COMES NOW the Chapter 7 Trustee, Ronald G. Brown, and moves this court, pursuant to BR 4003, for an order to deny the debtor's exemption claims in three claim settlements for personal injury claims.

## I. Summary of Facts

The debtor filed October 12, 2021. The debtor's initial schedules did not disclose three personal injury claims. The claims were disclosed by subsequent amendments. Special counsel was appointed in a court order entered on March 29, 2022, to pursue the claims. The debtor filed an amendment to exemptions, a year later, on March 29, 2023, which included exemption claims for the first time to the personal injury claims. The exemption claims asserted two exemptions, one for $10,980.90, and the other for $3,663.15, pursuant to 11 U.S.C. 522(d)(11)(D). The bankruptcy estate filed an objection to the debtor's exemption claims for the personal injury claims in the Trustee's Second Objection to Claims of Exemption dated April 4, 2023.

The Bankruptcy Court entered an order on March 21, 2023, authorizing the settlement of two of three personal injury claims. The debtor did not object to the settlement. The court entered an order on December 22. 2023, authorizing the settlement of the third settlement claim, after the

TRUSTEE'S MOTION - 1

RONALD G. BROWN
ATTORNEY AT LAW
P.O. BOX 2369
KIRKLAND, WASHINGTON 98083
(425) 522-3649 TELEPHONE
(425) 963-1740 FACSIMILE

Case 21-11886-TWD    Doc 143    Filed 04/17/24    Ent. 04/17/24 15:19:51    Pg. 1 of 3

debtor filed responses to the motion to authorize the settlement and appeared at the court hearing on the trustee's motion to authorize the claim settlement.

At the same hearing on the claim settlement, the court denied the trustee's motion to compel mediation to determine the debtor's exemption claims. The debtor has generally not been cooperative. See prior Trustee's Declaration (Docket No. 128). Efforts to settle the trustee's claims to the settlement proceeds with the debtor have not been successful. This motion is brought to deny the debtor's exemption claims to obtain the court's determination in order to close the bankruptcy estate.

## II. Argument

A. <u>The personal injury claims are property of the state pursuant to 11 U.S.C. 541(a)(1)</u>.

The filing of the bankruptcy created an estate pursuant to 11 U.S.C. 541(a)(1). The statute defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." <u>Id</u>. Pre-petition claims, such as the plaintiff's cause of action, are legal claims which are property of the estate. <u>Cusano v. Klein</u>, 264 F.3d 936, 945 (9th Cir. 2001). Personal injury claims under Section 541(a)(1) are assets of the bankruptcy estate. <u>Sierra Switchboard Co. v. Westinghouse Electric Corp.</u>, 789 F.2d 705, 709 (9th Cir. 1986).

B. <u>The debtor asserts an exemption pursuant to 11 U.S.C. 522(d)(11)(D), but the statute denies an exemption based upon pain and suffering, which is the basis for the settlement of all three personal injury claims</u>.

Section 522(d)(11)(D), when this case was filed on October 12, 2021, granted an exemption to the debtor for the right to receive "a payment not to exceed $25,150 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor." Specifically, the statute excludes "pain and suffering" as an exemption. A payment "for anything other than pain and suffering" is not exempt. <u>In re Gregorie</u>, 210 B.R. 432, 436 (1997). The <u>Gregorie</u> court, Id. at 436, cited the legislative history of Section 522(d)(11)(D):

TRUSTEE'S MOTION - 2

RONALD G. BROWN
ATTORNEY AT LAW
P.O. BOX 2369
KIRKLAND, WASHINGTON 98083
(425) 522-3649 TELEPHONE
(425) 968-2740 FACSIMILE

"This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill." H.R. No. 95-595, 95th Cong. 1st Sess. 361-62 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6318.

In this case, special counsel Paul Apple, has filed a declaration which states that "All the claim settlements were related to recovery for pain and suffering. No claims were based on wage loss claims or outstanding medical expenses." The evidence in this case is that all the claim settlements are for pain and suffering. Since pain and suffering is not allowed as an exemption claim pursuant to 11 U.S.C. 522(d)(11)(D), the trustee requests that the court deny the debtor's exemption claims.

DATED this 17th day of April, 2024.

/s/ *Ronald G. Brown*
Ronald G. Brown, WSBA #8816
Chapter 7 Trustee

TRUSTEE'S MOTION - 3

RONALD G. BROWN
ATTORNEY AT LAW
P.O. BOX 2369
KIRKLAND, WASHINGTON 98083
(425) 522-3649 TELEPHONE
(425) 963-3740 FACSIMILE

Case 21-11886-TWD    Doc 143    Filed 04/17/24    Ent. 04/17/24 15:19:51    Pg. 3 of 3